## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT COURT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  TERESA TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-2016-_____ |
| | ) | |
| 1.  STATE FARM MUTUAL | ) | *Honorable* _____ |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), incorrectly named as "State Farm Mutual Automobile Insurance Company, Inc." in Plaintiff's Petition, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Rule 38(b) of the Federal Rules of Civil Procedure and Local Civil Court Rule 81.1 of the United States District Court for the Western District of Oklahoma, hereby files this Notice of Removal of this case from the District Court of Garfield County, Oklahoma, in which court this case is pending, to the United States District Court for the Western District of Oklahoma, being the district embracing the place where the case is pending.  In support of this Notice of Removal, Defendant states the following:

### Timeliness of Removal

1.      Plaintiff commenced this action by filing the Petition in the District Court of Garfield County, on May 24, 2016.

2.      State Farm was served via the Oklahoma Insurance Commissioner on June 1, 2016.

3.      In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, a copy of the Docket Sheet and a clearly legible copy of all documents filed or served in the Garfield County case are attached to this Notice of Removal as **Exhibit Nos. "1" through "4".**

4.      This removal was effected within 30 days of service of the Petition on State Farm and therefore is timely.  28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

## Diversity Jurisdiction

5.      At the time the Petition was filed, at the time of removal and all intervening times, the Plaintiff was (and is) a resident and citizen of the State of Oklahoma.

6.      State Farm is a foreign insurance company incorporated in the State of Illinois and its principal place of business is in the State of Illinois.  State Farm is licensed to do business in the State of Oklahoma.  Therefore, it is deemed to be an Illinois citizen for the purpose of diversity.

7.      Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and State Farm.  Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### Allegations and Claims in the Petition

8.      According to Plaintiff's Petition, the underlying lawsuit arises out of an automobile-pedestrian accident involving Plaintiff and Patricia Morgan (believed to be incorrectly named as "Ms. Cecil J. Morgan in Plaintiff's Petition), which occurred on or about December 31, 2013.  Plaintiff previously filed a personal injury claim with Farmer's Alliance Companies against Morgan, Claim Number 40001PV103823APV01, and settled with Morgan for $25,000.00.  Thus, Morgan is not named as a party in this lawsuit.  Plaintiff had a policy of automobile insurance, policy number 5031-098-36C, issued by State Farm, which contained a provision for uninsured/underinsured motorist coverage.  Plaintiff contends the policy was in force at the time of the accident and further contends State Farm has breached the insurance contract and caused Plaintiff damages by the refusal to pay Plaintiff's demand for underinsured motorist benefits.  Plaintiff also contends State Farm's actions in handling Plaintiff's claim were in bad faith.  Plaintiff also seeks punitive damages to punish State Farm for its alleged bad faith conduct.  Plaintiff's insurance policy with State Farm has uninsured/underinsured motorist coverage of $100,000.00/$300,000.00.

9.      At the time that suit was filed and up to this day, State Farm was continuing its investigation into Plaintiff's claims and to date has not denied any UM/UIM payment due or owing to Plaintiff.

10.     Plaintiff alleges that State Farm breached its contract with Plaintiff and that State Farm breached its duty of good faith and fair dealing.  All of this is denied by State Farm.

## Amount in Controversy

11.     State Farm and its counsel represent to this Court their good faith belief that the amount in controversy is met for the following reasons:

    a.    Plaintiff alleges State Farm acted in bad faith and that State Farm breached the insurance contract with Plaintiff.

    b.    Plaintiff seeks punitive damages pursuant to Oklahoma law.  *See* 23 O.S. § 9.1(B) (which allows recovery of punitive damages not to exceed the greater of $100,000.00 or the amount of actual damages awarded if defendant is found to have recklessly disregarded its duty to deal fairly and act in good faith with its insured) and 23 O.S. § 9.1(C) (which allows recovery of punitive damages not to exceed the greater of $500,000.00 or twice the amount of actual damages awarded if defendant is found to have intentionally and with malice breached its duty to deal fairly and act in good faith with its insured).

    c.    Plaintiff's Petition asserts that State Farm's conduct was such that it is claimed to be liable for damages which include actual and punitive damages.

    d.    Based on Plaintiff's allegations, prayer for recovery of actual and punitive damages, plus attorney fees, and the fact that Plaintiff's

UM/UIM limits on the insurance policy are $100,000.00/$300,000.00, it appears Plaintiff is seeking judgment against State Farm in an amount exceeding the sum of $75,000.00, exclusive of interest and costs, which is in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

12.    As Plaintiff's Petition seeks recovery "in an amount in excess of $10,000.00", it is not in compliance with the Oklahoma Pleading Code, effective November 1, 2009.  Title 12 O.S. § 2008(A)(2) no longer permits a pleading to contain a prayer for relief "in an amount in excess of $10,000.00" as is contained in Plaintiff's Petition.  Rather, the Oklahoma Pleading Code now requires:

A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, **shall** contain:
. . . .
2.  A demand for judgment for the relief to which he deems himself entitled.  Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, except in actions sounding in contract.  Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code or less shall specify the amount of such damages sought to be recovered.  Relief in the alternative or of several different types may be demanded.

13.    Plaintiff's Petition states in pertinent part:

5

WHEREFORE, premises considered, Plaintiff demands judgment against Defendant, State Farm, as set forth above for actual damages in an amount in excess of $10,000.00, and additional punitive damages in an amount in excess of $10,000.00, and reasonably calculated to punish Defendant, State Farm Insurance Company, Inc., for its bad faith conduct against Plaintiff and to show others similarly situated to refrain from such practices, in addition to Plaintiff's costs, interest, and other such relief as the Court shall deem equitable and proper.

14.    Although Plaintiff's Petition is not in compliance with the Oklahoma Pleading Code, Plaintiff's demand for payment of underinsured motorist benefits (for which Plaintiff has $100,000.00 in uninsured/underinsured motorist coverage available to her), plus her bad faith claim together with her punitive damages claim make it clear that Plaintiff intends to seek recovery in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1]

15.    While State Farm disputes Plaintiff's allegations, State Farm and its counsel have attempted in good faith to set forth the factual basis for establishing the amount in controversy in excess of $75,000.00 has been met in accordance with *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995). *See also Schrader v. Farmers Insurance Company*, 2008 WL 2782710 (W.D. Okla.) (citing to *McPhail v. Deere & Co.* 529 F.3d 947 (10th Cir. 2008).

---

[1]

Plaintiff references in paragraph 5 of her state court petition what she identifies as policy number 503109836C, for her insurance policy with State Farm. Plaintiff incorporates the terms and conditions of the insurance policy by reference. The individual per person limit for policy number 5031-098-36C is $100,000 which, in and of itself satisfies the amount in controversy requirement for federal jurisdiction.

6

16.     Pursuant to 28 U.S.C. § 1446(a), State Farm acknowledges that this Notice of Removal is signed and filed herein pursuant to Rule 11 of the Federal Rules of Civil Procedure.

17.     State Farm and its counsel acknowledge that the timing of this removal is governed by 28 U.S.C. § 1446(b) which provides, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable . . . .

Plaintiff seeks actual damages, as well as punitive damages and attorney fees.  State Farm contends that removal is proper based upon the face of the Petition and that said removal has been done so timely.  *See Martin v. Franklin Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (holding that a Section 1332(a) removal is appropriate only if the amount-in-controversy requirement is "affirmatively established" on the face of either the state court petition or the notice of removal); *see also* 23 O.S. § 9.1(C)(2)(b); *Meira v. Dairyland Ins.*

*Co.*, 143 F.3d 1337 (10th Cir. 1998); *Salaar v. Geico Ins. Co.*, 2010 WL 2292930 (D.N.M. 2010).

18.     The Tenth Circuit has construed the language of 28 U.S.C. § 1446(b) to mean that "the removal period does not begin until the defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979). The notice of removability must be "unequivocal," and "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the Plaintiff." *Id.* (citing *DeBry*, 601 F.2d at 486-88).

19.     Pursuant to the teachings of *Laughlin, supra*, the removing defendant bears the burden of establishing federal court jurisdiction at the time of removal. *Laughlin*, 50 F.3d at 873. State Farm and its counsel contend that the facts and reasons set forth above support removal.

20.     Pursuant to LCvR 81.1, State Farm demands a jury trial and affirmatively states Plaintiff is put on notice of said demand.

21.     Contemporaneously with the filing of this Notice of Removal, written notice has been served upon the Plaintiff through her counsel of record and a copy of this Notice of Removal has been filed with the District Court of Oklahoma County, Oklahoma.

Respectfully submitted,

WILSON, CAIN & ACQUAVIVA
300 Northwest 13th Street, Suite 100
Oklahoma City, Oklahoma  73103
Telephone:  (405) 236-2600
Date:  June 20, 2016                    Facsimile:   (405) 231-0062


 s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr., OBA #11743
JTAcqua@aol.com
Elizabeth A. Snowden, OBA #22721
beths@wcalaw.com
**ATTORNEYS FOR DEFENDANT,**
**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**

9

## CERTIFICATE OF SERVICE

  X     I hereby certify that on the 20th day of June, 2016, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Ronald "Skip" Kelly
kellyron01@yahoo.com
205 NW 63rd, Suite 150
Oklahoma City, OK 73116
**ATTORNEY FOR PLAINTIFF**


  _____   I hereby certify that on the _____ day of _____, 2016, I served the attached document by certified mail, return receipt requested, with proper postage prepaid thereon to the following:



 s/Joseph T. Acquaviva, Jr.
Joseph T. Acquaviva, Jr.

10